IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MENGGUI ZHANG, | § | |
|     Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-3461 |
| | § | |
| DANIEL RAY ROTHROCK, | § | |
| *et al.*, | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on Plaintiff Menggui Zhang's Motion to Remand [Doc. # 5] and Defendants Daniel Ray and Sandra Rothrock's Motion to Transfer Venue [Doc. # 7]. Having reviewed the full record in this case, as well as the applicable legal authorities, the Court **denies** Plaintiff's Motion to Remand. Prior to ruling on the Motion to Transfer Venue, the Court will require a joint status report regarding the current status of Defendants' Chapter 13 bankruptcy case.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed this lawsuit in Texas state court alleging that Defendants defrauded him in connection with their business dealings. Plaintiff seeks a judgment against Defendants in excess of $10,000,000.00.

Defendants removed the case to federal court, asserting that the state court lawsuit is "related to" their Chapter 13 bankruptcy proceeding in the Eastern District of Texas, Tyler Division. Plaintiff moved to remand the case to state court, arguing that there is no "related to" jurisdiction because Defendants' bankruptcy case was post-confirmation when the cause of action arose. Defendants moved to transfer the case

to the Eastern District of Texas where their bankruptcy case "is pending." *See* Motion to Remand, p. 1.

## II. **APPLICABLE LAW**

Federal jurisdiction is limited. The party invoking this Court's removal jurisdiction bears the burden of establishing federal jurisdiction. *See Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Subject matter jurisdiction is determined as of the date the action is commenced. *Honeywell Intern., Inc. v. Phillips Petroleum Co.*, 415 F.3d 429, 431 (5th Cir. 2005).

The district court has original, non-exclusive jurisdiction over civil proceedings that are related to a bankruptcy case. 28 U.S.C. § 1334(b). "[A]n action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *In re Stonebridge Technologies, Inc.*, 430 F.3d 260, 266 (5th Cir. 2005) (internal quotations and citation omitted). Cases are "related to" a bankruptcy case if they involve legal claims by and against the debtor. *See Matter of Zale Corp.*, 62 F.3d 746, 752 (5th Cir. 1995).

When this case was filed in state court, the bankruptcy plan had been confirmed and substantially consummated.[1] Although some courts in other federal circuits have held that confirmation limits "related to" jurisdiction, the Fifth Circuit has found

---

[1] It appears from the record that Defendants' Chapter 13 bankruptcy case may now be fully consummated. The Court will require the parties to file a joint written report regarding the status of that proceeding before ruling on Defendants' Motion to Transfer Venue.

"related to" jurisdiction where the bankruptcy case remains open. *See In re Bissonnet Investments LLC*, 320 F.3d 520, 525 (5th Cir. 2003).

At the time the state court lawsuit was commenced, Defendants were debtors in an open Chapter 13 bankruptcy proceeding and the outcome of the lawsuit could have had an impact on the debtors' bankruptcy estate. As a result, this case is within the court's "related to" jurisdiction and Plaintiff's Motion to Remand is denied.

### III.  CONCLUSION AND ORDER

For the foregoing reasons, the Court concludes that there is subject matter jurisdiction pursuant to 28 U.S.C. § 1334. Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion to Remand [Doc. # 5] is **DENIED**. It is further

**ORDERED** that by **January 23, 2006**, the parties shall file a written joint status report setting forth the current status of Defendants' Chapter 13 bankruptcy case.

**SIGNED** at Houston, Texas, this **4th** day of **January, 2006.**

_____
Nancy F. Atlas
United States District Judge