IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MENGGUI ZHANG,  §  <br> Plaintiff, § <br> § <br> v. § <br> § <br> DANIEL RAY ROTHROCK, § <br> *et al.*, § <br> Defendants. § | | CIVIL ACTION NO. H-05-3461 |

## MEMORANDUM AND ORDER

This case is before the Court on Defendants Daniel Ray and Sandra Rothrock's Motion to Transfer Venue [Doc. # 7]. Having reviewed the full record in this case, as well as the applicable legal authorities, the Court **grants** Defendants' Motion and transfers this case to the Eastern District of Texas, Tyler Division.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed this lawsuit in Texas state court alleging that Defendants defrauded him in connection with their business dealings. Plaintiff seeks a judgment against Defendants in excess of $10,000,000.00.

Defendants removed the case to federal court, asserting that the state court lawsuit is related to their Chapter 13 bankruptcy proceeding in the Eastern District of Texas, Tyler Division. Defendants also moved to transfer the case to the Eastern District of Texas where their bankruptcy case remains pending. *See* Joint Status Report [Doc. # 10]. The Motion to Transfer Venue has been briefed and is ripe for decision.

## II. APPLICABLE LAW

As explained in the Court's Memorandum and Order entered January 4, 2006 [Doc. # 9], this case is related to Defendants' Chapter 13 bankruptcy case currently pending in the Eastern District of Texas. A lawsuit related to a bankruptcy case may be brought in the district court in the district where the bankruptcy case is pending. *See* 28 U.S.C. § 1409. There is "a strong presumption that proceedings 'related to' a bankruptcy should be litigated in the judicial district where the bankruptcy itself is pending." *AEP Energy Services Gas Holding Co. v. Bank of America, N.A.*, 2004 WL 2278770, * 17 (S.D. Tex. Sept. 14, 2004), citing *Hohl v. Bastian*, 279 B.R. 165, 177-78 (W.D. Pa. 2002) ("[T]he home court presumption provides that a court in which the bankruptcy case itself is pending is the proper venue for adjudicating all related litigation, including those suits which have been filed in other state or federal courts."); *Blanton v. IMN Fin. Corp.*, 260 B.R. 257, 267 (M.D.N.C. 2001); *In re Vital Link Lodi, Inc.*, 240 B.R. 15, 19 (Bankr. W.D. Mo.1999); *Bayou Steel Corp. v. Boltex Mfg. Co.*, Civ. A. 03-1045, 2003 WL 21276338, at *1 (E.D. La. June 2, 2003); *In re Sudbury*, 149 B.R. 489, 493 (Bankr. N.D. Ohio 1993). Indeed, for a civil proceeding that is related to a Chapter 13 bankruptcy case and that is filed after the bankruptcy case, the proper venue for the civil proceeding is the district in which the chapter 13 case is pending. *See Maritime Elec. Co., Inc. v. United Jersey Bank*, 959 F.2d 1194, 1212 (3rd Cir. 1991) (opinion reinstated on rehearing, Mar. 24, 1992).

A district court also has discretion to transfer a civil case to the district in which the bankruptcy proceeding is pending "in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412. "The 'interest of justice' component of § 1412 is

a broad and flexible standard which must be applied on a case-by-case basis. It contemplates a consideration of whether transferring venue would promote the efficient administration of the bankruptcy estate, judicial economy, timeliness, and fairness . . ..." *In re Manville Forest Products Corp.*, 896 F.2d 1384, 1391 (2nd Cir. 1990).

The Court finds that the interests of justice, particularly judicial economy and the strong presumption that "related to" civil cases should be litigated in the district in which the bankruptcy is pending, favor transfer of this case to the United States District Court for the Eastern District of Texas, Tyler Division, where Defendants' Chapter 13 bankruptcy case remains pending.

### III.  CONCLUSION AND ORDER

For the foregoing reasons, it is hereby

**ORDERED** that Defendants' Motion to Transfer Venue [Doc. # 7] is **GRANTED** and this case is **TRANSFERRED** to the United States District Court for the Eastern District of Texas, Tyler Division.

**SIGNED** at Houston, Texas, this **25th** day of **January, 2006.**

_____
Nancy F. Atlas
United States District Judge